IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| EDWARD DUKES and PEARLIE DUKES, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CV 122-086 |
| | ) | |
| CANAL WOODS LLC PH and LONG LOGGING COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

_____

Plaintiffs commenced the above-captioned case *pro se* and initially moved to proceed *in forma pauperis* ("IFP").  On July 20, 2022, the Court denied without prejudice the IFP motion and ordered Plaintiffs to submit a new IFP motion within twenty-one days.  (Doc. no. 4, pp. 1-3.)  The Court also ordered Plaintiffs to amend their complaint to correct certain pleading deficiencies, also within twenty-one days.  (Id. at 3-5.)  By the deadline, Plaintiffs paid the $402.00 filing fee and submitted a second IFP motion, but did not submit an amended complaint.  (Doc. no. 5.)  On August 19, 2022, the Court denied the second IFP motion as moot, warned Plaintiffs the Court may still dismiss their complaint *sua sponte* for lack of subject matter jurisdiction notwithstanding payment of the filing fee, and provided Plaintiffs a fourteen-day extension to submit an amended complaint.  (Doc. no. 6.)  In response, Plaintiffs filed two nearly identical amended complaints.  (Doc. nos. 7-8.)  Though the Court instructed Plaintiffs to only submit one amended complaint in accordance with the July 20th Order, (doc.

no. 4, p. 5), the Court accepts the second amended complaint as the operative pleading, (doc. no. 8).  Fed. R. Civ. P. 15(a); Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case").  For the reasons set forth below, the Court finds it lacks subject matter jurisdiction in this matter and therefore **REPORTS** and **RECOMMENDS** this case be **DISMISSED** and this civil action be **CLOSED**.

## I.      BACKGROUND

Plaintiff names as Defendants (1) Canal Woods LLC PH and (2) Long Logging Company.  Both of Plaintiffs' amended complaints leave blank the section of the complaint form reserved for the statement of claim.  (Doc. no. 7, p. 4; doc. no. 8, p. 4.)  However, the Court can surmise they are bringing the same claim as the original complaint, where they simply stated Defendant Long Logging Company "cut the wood off the property give to another owners" after Plaintiffs "told them that the property was mine but said not."  (Doc. no. 1, p. 8.)  In their second amended complaint, Plaintiffs maintain both Defendants are citizens of Georgia, same as Plaintiffs, and the value of the wood taken by Defendant Long Logging "was about [$]75,000."  (Doc. no. 8, p. 4.)

## II.     DISCUSSION

Because a "federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).  Federal courts must always dismiss cases upon determining that they lack subject matter jurisdiction, regardless of the stage of the proceedings.  Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327,

1331 n.6 (11th Cir. 2001).  In order to invoke the jurisdiction of the Court, a plaintiff must properly "allege the jurisdictional facts, according to the nature of the case." McNutt v. Gen. Motors Acceptance Corp. of Indiana, 298 U.S. 178, 182 (1936).

To have jurisdiction over a case, a district court must have at least one of the three types of subject-matter jurisdiction: (1) jurisdiction pursuant to a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). Under 28 U.S.C. § 1332, diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  The party asserting jurisdiction has the burden of establishing that their cause lies within this limited grant of jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).

Here, Plaintiffs fail to allege a basis for federal subject matter jurisdiction.  Plaintiffs cite no federal statutes and seem to be pressing a state law conversion claim against Defendants for taking wood off their property.  After review, it is not apparent any federal statute is applicable to invoke federal question jurisdiction.  28 U.S.C. § 1331.  Nor have Plaintiffs alleged any facts sufficient to establish federal diversity jurisdiction as they have not alleged Defendants are citizens of another state.  28 U.S.C. § 1332(a).  Plaintiff expressly alleges both Defendants are citizens of Georgia.  (See doc. no. 8, pp. 2-4.)  Indeed, records from the Georgia Secretary of State confirm Defendant Long Logging Company is a citizen of Georgia, same as Plaintiff.  See https://ecorp.sos.ga.gov/BusinessSearch (in "Business Search," search "LONG'S LOGGING & TIMBER, LLC"; last visited Sept. 12, 2022) ("Attach. 1."); Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005) ("Diversity jurisdiction requires complete diversity between named plaintiffs and defendants.  For

purposes of determining diversity, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (citations omitted)).  Because Plaintiffs have failed to plead any facts demonstrating they are entitled to invoke the jurisdiction of the federal courts, their case is subject to dismissal.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiffs' second amended complaint be **DISMISSED** and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 13th day of September, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA